BLANCHE, Judge.
Mrs. Aliene M. Clarke, individually and as natural tutrix of her minor son, is appealing a judgment granting a motion for summary judgment and dismissing defendant, Jefferson Insurance Company of New York, from the suit. Said defendant was insurer of Dale Mathew Jewell, defendant-owner of the motorcycle being driven by an alleged second permittee and on which the Clarke minor was a passenger when he allegedly suffered injuries on April 4, 1976.
Plaintiff contends that the trial court erred in finding that the Jefferson Insurance Company policy provided no coverage that would include her claim, and she frames the single appeal issue as being whether or not the provisions of the policy headed “Special Endorsement Motorcycles, Motor Scooters, Motorized Bicycles” excluded her and her minor son from the “Uninsured Motorist” coverage provisions of the contract. Section (1) of the Special Endorsement provides:
“It is hereby understood and agreed that this policy does not cover any liability for injuries to anyone riding on or in or entering into or alighting from the motor-scooter, motorbike or motorcycle described in this policy and this provision supersedes any terms or conditions of the policy to which it is attached * * * (Record, p. 64)
The following provisions of LSA-R.S. 22:1406 are controlling:
“D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
“(l)(a) No automobile liability insurance * * * shall be delivered or issued for delivery in this state * * * unless coverage is provided * * * for
the protection of persons insured thereunder * * * from owners or operators of uninsured * * * motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom * * *
Under the uninsured motorist endorsement of the policy, the motorcycle was an “insured automobile,” because it was the vehicle described in the schedule as an insured automobile. The minor child of plaintiff who was a guest passenger was an “insured” under the policy because he was occupying the insured vehicle. Plaintiff was also an “insured” under this coverage because she was entitled to recover damages sustained by an “insured,” her minor child.
The motorcycle exclusion referred to above, if literally applied, would completely defeat coverage under the uninsured motorist provisions of the policy as it applies to “anyone” riding thereon. However, such an exclusionary provision is contrary to the above statute requiring uninsured motorist protection and is, therefore, void. Since plaintiff and her minor son were insureds under the provisions of the policy, *1335 their exclusion from uninsured motorist protection is contrary to public policy.
For the above reasons, the judgment granting the motion for summary judgment is reversed and set aside, and the case is remanded to the trial court for further proceedings in accordance with law. The costs of this appeal are assessed to the defendant-appellee, Jefferson Insurance Company of New York.
REVERSED AND REMANDED.